1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

9    MARK F. DURBIN,                          )        No. 22-cv-200-TL
                                             )
10                   Plaintiff,               )
                                             )        CIVIL RIGHTS COMPLAINT
11        vs.                                 )        (Amended)
                                             )        42 U.S.C. §1983
12    THE STATE OF WASHINGTON and            )
     KING COUNTY, as Respondeats Superior    )        JURY DEMAND
13   for, with, together, and employing KING )
     COUNTY PROSECUTOR DAN SATTERBERG,       )        This amended complaint simply
14   KING COUNTY SHERIFF'S DEPT., KING       )        corrects the spelling of defendant
     COUNTY SUPERIOR COURT, KING COUNTY      )        Kellan Pitts as Kellon Pitts only.
15   JAIL, JESSE DUBOW OF KING COUNTY         )
     NORTHWEST DEFENDERS DIVISION,           )
16   WASHINGTON STATE DEPT. OF SOCIAL and    )
     HEALTH SERVICES, WESTERN STATE          )
17   HOSPITAL, KEENA JAVIER, KELLON PITTS,   )
     AMANDA ZERGER and ZACHERY BOYD et al.,  )
18   related to KING COUNTY SUPERIOR COURT   )
     CASE #19-1-01222-2 SEA,                 )
19                                            )
                     Defendants.              )
20   _____)

21              COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

22        Plaintiff Mark F. Durbin complains and alleges;

23                          I.   PARTIES

24        1.1    Plaintiff, Mark F. Durbin is a natural person and resident of King County, in

25   the Western District of Washington State.

COMPLAINT - 42 U.S.C. §1983, Page 1 of 13

Mark F. Durbin, Pro Se
P.O. Box 234
Baring, WA 98224
E-mail: markfdurbin@yahoo.com
Tel: (425) 921-0601

1.2     Defendant State of Washington is a state established within the United States of America bound to comport with the United States Constitution, the Supreme Law of the Land, and is responsible for enforcing and defending the laws of the State of Washington including the Washington Constitution, and stands as Respondeat Superior as to all Defendants involved in causing damage, injury and deprivation to Plaintiff in violation of Plaintiff's civil rights in this matter in relation to King County Superior Court Case #19-1-01222-2 SEA.

1.3     Defendant King County Washington is a Municipal Corporation incorporated under the laws of the State of Washington with its principle place of business in the State of Washington, and is bound to comport with the United States Constitution, the Supreme Law of the Land, and stands along with Washington State as Respondeat Superior as to all Defendants involved in causing damage, injury and deprivation to Plaintiff in violation of Plaintiff's civil rights in this matter in relation to King County Superior Court Case #19-1-01222-2 SEA.

1.4     Defendants King County Prosecutor Dan Satterberg, King County Sheriff's Dept., King County Superior Court, King County Jail, Jesse Dubow of King County Northwest Defenders Division, Washington State Dept. of Social and Health Services ("DSHS"), Western State Hospital ("WSH"), Keena Javier (neighboring King County resident at the time and prosecuting accuser), Kellon Pitts, Amanda Zerger, and Zachery Boyd (prosecuting accusers with Javier) et al., all bound to comport with the United States Constitution, the Supreme Law of the Land, overtly or covertly acted as employees, agents, servants or operatives, for, with, together and/or employed by Defendants the State of Washington and King County causing damage, injury and deprivation to Plaintiff in violation of Plaintiff's civil rights in this matter in relation to King County Superior Court Case #19-1-01222-2 SEA.

Mark F. Durbin, Pro Se
P.O. Box 234
Baring, WA 98224
E-mail: markfdurbin@yahoo.com
Tel: (425) 921-0601

## II.   JURISDICTION and VENUE

2.1     This action arises under federal law 42 U.S.C. §1983 to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege or immunity secured to plaintiff under the United States Constitution and laws.  The Court has jurisdiction pursuant to 28 U.S.C. §1331.  Venue is proper pursuant to 28 U.S.C. §1391(b).

2.2     For the purposes of commencing a lawsuit against the State of Washington and King County, Plaintiff filed a tort claim with each to their Office of Risk Management conforming to the requirements of RCW 4.92.  Plaintiff has allowed at least sixty (60) days to expire between the date of presentment of his tort claim to their Office of Risk Management and the filing of this action.

## III.   FACTS / STATEMENT OF CLAIM

3.1     On December 19th, 2018, Mark Durbin ("Plaintiff") was accosted, threatened and impeded at his home at 63434 NE 196th Street in Baring, Washington, in King County, by Kellon Pitts and Keena Javier whilst he was stringing a fence line between his and Keena Javier's property adjacent to the east in preparation for installing a fence around his property when he stepped inside his residence and soon noticed that Pitts was on his property brandishing a large meat cleaver and that he had just cut down Plaintiff's fence string line.  Plaintiff then stepped outside onto his front deck and asked Pitts what he thought he was doing.  Pitts, waving the cleaver, told Plaintiff to: "Get a survey."  Plaintiff then told Pitts he was going to contact police and then immediately called into 911 to report Pitts' threatening behavior armed with a meat cleaver, trespass, and property damage/vandalism.  Javier and her group had been constantly told and notified that they were not to trespass on Plaintiff's property and it was well posted about his property.  This was a demand by Plaintiff that Javier and her band repeatedly and flagrantly ignored.

COMPLAINT - 42 U.S.C. §1983, Page 3 of 13

Mark F. Durbin, Pro Se
P.O. Box 234
Baring, WA 98224
E-mail: markfdurbin@yahoo.com
Tel: (425) 921-0601

3.2     As Plaintiff waited for police to respond, he cut a garden hose Javier had defiantly run across his backyard from her residence adjacent to the east of his property to the well on the property adjacent to the west of his property for water supply purposes contrary to Plaintiff's insistence that she not do so by trespass or occupation of his property in any way or by any means.  The Plaintiff's family has owned their property in Baring since 1968, some 50 years at that time.  The property was surveyed, and Plaintiff had measured off and located boundary markers to the property in preparation to stringing his fence lines. Additionally, Plaintiff intended to obtain another property survey prior to erecting a fence.

3.3     Javier had been in her property next door to Plaintiff for about 8 years or so, and during that time she and her crowd deliberately worked to be a constant vexation to Plaintiff.  After a time it became apparent that Javier was surveilling Plaintiff and was working along with neighboring persons, including Howard A. Fraga and Randy Podhorsky (property holders adjacent west), to annoy, menace, sabotage, hinder, harm and eliminate him and his family.  Plaintiff alleges that Javier and Pitts et al. were acting with and for other Defendants herein to wrest the land/property from owner/occupant Plaintiff and his family and that they were working to obtain it unimproved and in "distressed" condition.  (Javier has since sold her home next to Plaintiff to King County, and she telephoned and informed Plaintiff's family residing out of state, who do not really know her, that the County was interested in buying up properties next to the Skykomish river in Baring.)

3.4     After Plaintiff cut Javier's garden hose crossing over his property and returned inside his home, he noticed Javier and Pitts exit Javier's residence, walk out to the street to the south, head west down the street in front of Plaintiff's property and enter the property adjacent to the west and then head north along that side of Plaintiff's home toward his backyard.  Plaintiff then went to the back door of his residence holding a small .22 caliber pistol that he intended to use to issue a harmless report straight up into the air

COMPLAINT - 42 U.S.C. §1983, Page 4 of 13

Mark F. Durbin, Pro Se
P.O. Box 234
Baring, WA 98224
E-mail: markfdurbin@yahoo.com
Tel: (425) 921-0601

(warning shot) should Javier and Pitts choose to exhibit further hostility towards him by trespass onto, and invasion of, Plaintiff's property with malicious intent.

3.5     Plaintiff witnessed Javier and Pitts come alongside his home and they noticed him watching them from his open back door.  Pitts then said to Plaintiff: "What if your house burns down tonight with you in it."  Pitts then notice that Javier's garden hose running through Plaintiff's backyard was cut.  Pitts then told Javier: "He cut the hose."  Javier, angrily then ordered Pitts to: "Go cut up his sh** (expletive), at which point Pitts stormed onto Plaintiff's property headed towards his private water well equipment with malicious intent to destroy Plaintiff's personal property and equipment, set him back, and cripple his living conditions.  Hence, Plaintiff issued a harmless report straight up into the air from his small arms to repel Pitts' and Javier's invasive attack on the sovereignty, security, and tranquility of his home, at which point they both decided to vacate Plaintiff's property and head home east through his backyard.

3.6     Javier's daughter Amanda Zerger, who was staying with her at the time, knew Javier and Pitts were headed toward Plaintiff's residence to further menace, bully, and attack him, heard the percussion and called police to obviously make what is referred to as a "swatting" call of false inflammatory information hoping to deal Plaintiff the worst of things by the police.  The police, reportedly "drifting" toward Plaintiff's call, after that upped the priority of the incident location and promptly arrived there in "SWAT" mode.  King County Sheriffs Dept. decided to arrest and "hold" Plaintiff at that time and he was transported to, and held in, the King County Jail for one (1) day from December 19th to 20th, 2018.

3.7     Plaintiff had been arrested and jailed without adequate winter clothing and no money or mobile phone and was subsequently released from the King County Jail on the 20th to make it home to Baring 65 miles away on foot.  Plaintiff had walked from KC Jail in downtown Seattle out to around Maltby when he was stopped by a patrol officer concerned

COMPLAINT - 42 U.S.C. §1983, Page 5 of 13

Mark F. Durbin, Pro Se
P.O. Box 234
Baring, WA 98224
E-mail: markfdurbin@yahoo.com
Tel: (425) 921-0601

about him walking on the highway and graciously gave him a ride to Monroe, at which point Plaintiff resumed his walk home through the city and back out onto the highway where he was stopped by another patrol officer who wanted to check things out.  After that Plaintiff continued his walk home when he was approached by a good Samaritan who offered him a ride the rest of the way, which he accepted.  Plaintiff alleges Defendants knew, or should have reasonably known, that they were dealing the aforementioned hardship to Plaintiff.

3.8     Approximately seven (7) weeks later Plaintiff received a letter in the mail dated January 31, 2019, from the Office of the King County Prosecuting Attorney, Daniel T. Satterberg, stating that he had been scheduled to be arraigned on February 13, 2019, on 1 Count of Assault in the Second Degree, Case #19-1-01222-2 SEA.  Plaintiff received the letter late as it was sent to his P.O. Box which he, if not expecting anything, does not necessarily check on a regular basis, and so he did not make it to the aforementioned hearing, a warrant for his arrest then was issued and he was arrested by the King County Sheriff's Dept. on February 14, 2019, at approximately 10:30 a.m. without incident at his residence at 63434 NE 196th Street, Baring, WA 98224, and transported to King County Jail and imprisoned pending arraignment and subsequent trial.

3.9     On March 27th, 2019, Plaintiff was temporarily released to home detention. Plaintiff's family had placed $100 into his King County Jail detainee property for the purpose of providing him a means to travel the 65 miles home.  After asking "Work Release" about obtaining his money out of property so that he might travel home, to which Plaintiff never received a clear answer, he sought out the King County Jail cashier to get his $100 and was told by the cashier that the jail had received the money, but that it was diverted and used by the jail for other (unauthorized) purposes.  Plaintiff went back to Work Release and told them the situation he encountered with the jail cashier and he then was given two (2) bus passes and instructions on which buses he needed to catch towards home, which would be

Mark F. Durbin, Pro Se
P.O. Box 234
Baring, WA 98224
E-mail: markfdurbin@yahoo.com
Tel: (425) 921-0601

a bus north from downtown Seattle on Aurora (Highway 99) out to Aurora Village (around 205th and Aurora), then another bus from there north to Everett, WA, where one could catch a bus east on Highway 2 as far as Goldbar, WA, which would still leave Plaintiff a 15 mile walk home to Baring.

3.10    Unfortunately, Plaintiff found that the bus passes given to him by Work Release to make his journey home for home detention were only good out to Aurora Village, and so Plaintiff started walking from Aurora Village towards home carrying the home detention ("HD") gear that he was given to set up/plug in when he arrived there.  Plaintiff walked into the night a reported 17 miles out to Mill Creek where another good Samaritan offered him a ride the rest of the way and he arrived home at approximately 2:30 a.m. on the 28th.

3.11    Upon arriving home Plaintiff plugged in the HD equipment he was given and then immediately notice that his home had been broken into, items were stolen, and that the prosecution's accuser Keena Javier had trespassed and hooked her home up to his private water well and was operating it by an electrical extension cord from her residence, and that she had cut the water supply line from Plaintiff's water well to his home, and that she was digging a trench in his backyard from his well toward her property.  Additionally, Plaintiff found **two (2) small half-full bottles of water coated with a toxic gel** on his indoor stairway, left there for somebody to pick up.  Plaintiff made a call in to 911 to report this, but the police did not respond.

3.12    After getting some rest, Plaintiff necessarily went to get provisions and to buy air-time for his cell phone.  After buying air-time for his phone, Plaintiff then called to check in with Work Release and was told that he had not plugged in his HD equipment quick enough and that he should turn himself back into the King County Jail, which he did the very next day on the 29th with $17 and some change his pocket in anticipation that he would

COMPLAINT - 42 U.S.C. §1983, Page 7 of 13

Mark F. Durbin, Pro Se
P.O. Box 234
Baring, WA 98224
E-mail: markfdurbin@yahoo.com
Tel: (425) 921-0601

have to make his way home again after release from his detention, but not before he disconnected Javier from his water well.  Plaintiff alleges that Defendants herein, with malice of forethought, stole the $100 travel money out of his KC Jail detainee property to deliberately cause him harm and hardship and delay his return home for HD to create conflict with Work Release expectations.

3.13    Although Plaintiff did not request appointment of "representation", but had no objection to the "assistance" of counsel, the Court appointed Jesse Dubow to represent him as the defense.  After a short time Plaintiff felt that Mr. Dubow was not being totally transparent with him and was ignoring information and direction and was not sharing paperwork involved in his case and that he was basically uncooperative and trying to hand Plaintiff a backseat in his defense, and so on April 12, 2019, Plaintiff informed the court that he was acting "pro se" exclusively.

3.14    The Court noted Plaintiff's pro se demand but ignored Plaintiff's pro se status and let Mr. Dubow continue to act as Plaintiff's representation.  In doing so, the Court denied Plaintiff meaningful **assistance of counsel** and of his **right to act pro se** and protect himself from any possible proclaimed representation derelict in duty, incompetent, or acting in bad faith in violation of Plaintiff's constitutional rights.

3.15    While detained and awaiting trial, Defendants Dubow, King County Superior Court, and Department of Social and Health Services ("DSHS") attempted to engage Plaintiff in submitting to what they termed a competency evaluation, in which Plaintiff declined to participate. Subsequently, and after substantial delay, the Court had Plaintiff transported from the King County Jail to Western State Hospital ("WSH") for a 15 day observation evaluation that was then extended to 90 days with the Court finding Plaintiff incompetent based on what could only have been a report by WSH that Plaintiff was still reserved in nature.  Plaintiff was then transported back to King County Jail where he

COMPLAINT - 42 U.S.C. §1983, Page 8 of 13

Mark F. Durbin, Pro Se
P.O. Box 234
Baring, WA 98224
E-mail: markfdurbin@yahoo.com
Tel: (425) 921-0601

remained for a couple more months before he was informed that he would be transported back to WSH to be <u>involuntarily drugged</u>.  During the hearing where Plaintiff was informed of this, he was also informed that the drugs were extremely harmful and that they could cause very serious side affects like arthritis and diabetes, but that Defendants thought such things "could be managed."  Also, the prosecution commented to the Court that maybe Plaintiff: "needed to spend some time on the civil side (at WSH)."

3.16    Moreover, it was obvious that Plaintiff was being threatened by the Defendants seemingly desperate to make, and/or maintain, a case against him as they brought offers of plea deals and harassing threats of poisoning and prolonged uncomfortable detention.  Plaintiff also believes Defendants were intentionally trying to provoke him into defending himself against their threatened barbaric assault on his health and wellbeing so that they might "manufacture" yet another opportunity to maliciously deal him more grief and hardship.

3.17    Plaintiff was sent back to WSH where he endured approximately a month of extremely torturous involuntary drugging (poisoning),invasive blood testing, callous manipulation, and loss of privacy by Defendants with an agenda to loosen his tongue under their threat of vicious physical assault if he refused to submit.  Plaintiff did witness the aftermath of the beating of a man by WSH where the elderly gentleman was returned to the floor saying "Look what they did." showing huge black, blue and purple contusions over his entire body.  After that month Plaintiff was returned to the King County Jail to await his trial and subsequent acquittal and release on March 4, 2020.

3.18    Plaintiff, while wrongfully detained at the King County Jail witnessed, experienced and suffered: 1) inadequate bedding causing him bedsores; an injured coccyx, and the jail often blasted him and the unit with cold air at night through the ventilation system causing him tortured rest; 2) being forced to hydrate with tainted water (there was a

COMPLAINT - 42 U.S.C. §1983, Page 9 of 13

Mark F. Durbin, Pro Se
P.O. Box 234
Baring, WA 98224
E-mail: markfdurbin@yahoo.com
Tel: (425) 921-0601

water scare at KC Jail at the time where bottled drinking water was brought in for a brief time for the detainees.), and: 3) an invisible debilitating assault by penetrating rays from a directed energy ("DE") device ("ray gun").  Plaintiff witnessed the installation of these ray weapons in the KC Jail and suffered their prompt use upon him and others being detained. Plaintiff alleges that Defendants; have access to, the use of, have used, are using, or are instrumental and complicit in the use of said DE devices, and that Plaintiff has been under constant DE attack by Defendants prior to, during, and post his detention referenced herein.

3.19    Upon Plaintiff's release he found that the King County Jail had again stolen whatever cash money he had in his detainee property, the $17 and change mentioned above.

3.20    Upon arriving home after his release, Plaintiff found that his home had again been broken into (possibly several different times), searched, damaged, trashed, and burglarized of approximately $25K worth of tools, equipment and personal items, and that Javier had trespassed and reconnected her home up to his private water well.  Plaintiff made a police report as to this including a list of items taken for which insurance covered less than half, and Javier was advised by King County Sheriff Deputy Woody Heath against trespassing on Plaintiff's property again.

3.21    On April 1, 2021, Plaintiff made a special trip to Seattle to retrieve his property, the .22 caliber pistol confiscated by the King County Sheriff's Dept. on December 19, 2018.  King County Sheriff's Dept. at that time told Plaintiff they had his property, but they were not going to release it to him nor give him a reason as to why.

## IV.   INJURIES

4.1    Each of the above allegations/claims is/are incorporated herein by reference.

4.2    Plaintiff suffered wrongful arrest, wrongful prolonged torturous detention, wrongful malicious prosecution, assault and battery, extreme invasion of his privacy, the

COMPLAINT - 42 U.S.C. §1983, Page 10 of 13

Mark F. Durbin, Pro Se
P.O. Box 234
Baring, WA 98224
E-mail: markfdurbin@yahoo.com
Tel: (425) 921-0601

villainous search, degradation, burglarizing and poisoning of his property and home in Baring, WA, and other related hardships at the hands of the Defendants herein, brought about by the malicious, evil and recklessly false allegations initiated, fabricated, facilitated, precipitated, orchestrated, and perpetrated by the Defendants to wrongfully cause Plaintiff, and by which Defendants did wrongfully cause Plaintiff, but not limited to; pain and suffering, extreme mental anguish and emotional distress; humiliation, injury, harm, hardship, debilitation, loss of liberty, loss of reputation, loss of property, loss of privacy, loss of opportunity, and by all did cause him to be substantially set back, under color of law, in violation of Plaintiff's rights secured to him by the United States Constitution, the Supreme Law of the Land, and recognized herein by Amendments 2, 4, 5, 6, 8,14 thereof.

4.3     Plaintiff was wrongfully arrested and detained by the Defendants for one (1) day from **December 19, 2018, to December 20, 2018**, and then wrongfully arrested and detained by the Defendants from **February 14, 2019**, until he was <u>acquitted at trial</u> on **March 4, 2020**, for a total wrongful detention of <u>**386 days**</u>.

4.4     As a result of the acts of Defendants, and each of them, Plaintiff suffered damages in amounts to be proven at trial.

4.5     Plaintiff would show that the acts of Defendants herein constitute malicious prosecution, false imprisonment, false arrest, intentional infliction of emotional distress and mental anguish, and libel and slander, and reflect Defendants' malicious, intentional, willful and reckless disregard of the rights of Plaintiff that warrant a Judgment of and against Defendants for compensatory and punitive damages to Plaintiff, as well as attorney's fees in Plaintiff's favor in an amount to be proven at trial.

## V.   RELIEF

5.1     WHEREFORE Plaintiff seeks the following relief against Defendants The State of Washington and King County et al., for causing damage, injury and deprivation to

COMPLAINT - 42 U.S.C. §1983, Page 11 of 13

Mark F. Durbin, Pro Se
P.O. Box 234
Baring, WA 98224
E-mail: markfdurbin@yahoo.com
Tel: (425) 921-0601

Plaintiff in violation of Plaintiff's civil rights in this matter in relation to King County Superior Court Case #19-1-01222-2 SEA;

    A.    Money damages for pain and suffering in an amount to be determined;

    B.    Money damages for mental anguish and emotional distress in an amount to be determined;

    C.    Reparation/compensation for property confiscated and unreturned, stolen, lost or damaged;

    D.    Punitive damages as provided by 42 U.S.C. §1983 and other applicable law;

    E.    Costs and reasonable attorney's fees as provided by 42 U.S.C. §1983 and other applicable law;

    F.    For such other relief that the Court deems just and equitable.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

***

**CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

COMPLAINT - 42 U.S.C. §1983, Page 12 of 13

Mark F. Durbin, Pro Se
P.O. Box 234
Baring, WA 98224
E-mail: markfdurbin@yahoo.com
Tel: (425) 921-0601

1

2     Date of signing:    March 18, 2022.

3

4     Signature of Plaintiff:        S/ Mark F. Durbin

5     Printed Name of Plaintiff:        Mark F. Durbin

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT - 42 U.S.C. §1983, Page 13 of 13