UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK F. DURBIN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF WASHINGTON, ET AL.,<br><br>　　　　　Defendant. | CASE NO. 2:22-cv-0200-JHC<br><br>ORDER GRANTING MOTION TO DISMISS |

Defendants Daniel T. Satterberg and King County (including its entities King County Sheriff's Office, King County Superior Court, and King County Jail), move to dismiss this action for lack of proper service and additional reasons. Having reviewed the materials filed in support of and opposition to the motion, the Court GRANTS the motion.

The Federal Rules of Civil Procedure require service of a complaint within 90 days after filing the complaint. Fed. R. Civ. P. 4(m). Plaintiff filed his amended complaint on March 21, 2022. Dkt. 9.

<u>Defendant Satterberg</u>

Rule 4(e)(2) requires Plaintiff to serve individual defendants, like Satterberg, by

(A) delivering a copy of the summons and of the complaint to the individual personally;

ORDER GRANTING MOTION TO DISMISS - 1

      (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

      (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). Rule 4(e)(1) also allows service by "following state law for serving a summons . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Washington law requires Plaintiff to serve Defendants "personally, or by leaving a copy of the summons at the house of [their] usual abode with some person of suitable age and discretion then resident therein." Wash. Rev. Code (RCW) 4.28.080(16). Washington law also provides for service by mail "where the person cannot with reasonable diligence be served [personally] as described." RCW 4.28.080(17).

      Defendant Satterberg has submitted a declaration dated June 21, 2022, in which he states that Plaintiff did not serve him individually or through an authorized agent. Dkt. # 36 at 2. In response, Plaintiff submits certified mail receipts for mail sent to Satterberg, but does not show that he could not, with reasonable diligence, personally serve Satterberg. Dkt. # 42 at 11.

      <u>Defendant King County</u>

      Rule 4(j)(2) requires Plaintiff to serve "[a] state, a municipal corporation, or any other state-created governmental organization" by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Washington law requires that, if an action is against a county, service must be by delivery "to the county auditor or, during normal office hours, to the deputy auditor, or in the case of a charter county, summons may be served upon the agent, if any, designated by the legislative authority." RCW 4.28.080(1). Plaintiff argues that he served Defendant King County

ORDER GRANTING MOTION TO DISMISS - 2

by serving the auditor.  But he presents no proof of delivery.  Instead, he declares that he sent the materials via certified mail.  Dkt. # 23..

Plaintiff submits no proof that he properly served Defendants Satterberg and King County within 90 days after the filing of the amended complaint.  Nor does he argue that there was good cause for that failure.  *See* Fed. R. Civ. P. 4(m).  Nor does he seek an extension of the deadline.  Accordingly, the Court DISMISSES the claims against Defendants Satterberg and King County without prejudice.

Dated this 13th day of October, 2022.

John H. Chun
United States District Judge